**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 22, 2011

Lyle W. Cayce
Clerk

No. 10-50830
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CESAR DURAN-MONTES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-948-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Cesar Duran-Montes (Duran) appeals the 57-month sentence imposed following his guilty plea conviction for being found illegally in the United States following removal. Duran contends that the within-guidelines sentence was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a) and was therefore substantively unreasonable. He specifically argues that U.S.S.G. § 2L1.2 was established in a problematic manner and effectively double-counts his criminal history. He contends that his offense constitutes a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mere international trespass and that the guidelines range failed to reflect his personal history and characteristics, including his benign motive for reentering the United States. Duran further asserts that his sentencing range was unreasonable because the district court did not consider the unwarranted sentencing disparity between defendants sentenced in the Western District of Texas, which does not have a fast-track program, and defendants sentenced in districts that do have such a program.

This court reviews the sentence for reasonableness, under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Where, as in this case, the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a rebuttable presumption of reasonableness. *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).

The contention that a defendant is entitled to relief because § 2L1.2 is not supported by empirical data and effectively double-counts a defendant's criminal history is unavailing. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). The "international trespass" argument raised by Duran does not justify disturbing an otherwise presumptively reasonable sentence. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Furthermore, as Duran concedes, we have held that the disparity between districts with fast-track programs and districts without them is not unwarranted. *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir. 2008).

The district court made an individualized sentencing decision based on the facts of the case in light of the factors set out in § 3553(a). *See Gall*, 552 U.S. at 49-50. The district court's conclusion that a within-guidelines sentence is appropriate is entitled to deference, and we presume that it is reasonable. *See id.* at 51-52; *Newson*, 515 F.3d at 379. We see no reason to disturb the district court's discretionary decision to impose a sentence within the guidelines range.

AFFIRMED.